UNITED STATES, Appellant

v.

JAMES J. GILGALLON, Fireman, U. S. Navy, Appellee

1 USCMA 263, 2 CMR 170

No. 286

Decided March 21, 1952

CAPT. Wesley C. Blake, USMC, for Appellant.
LCDR. Robert H. McCarthy, USN, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

James J. Gilgallon, Fireman, U. S. Navy, was charged in a single specification of absence without leave in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680. Tried before a special court-martial he entered a plea of guilty and was sentenced to be discharged from the service with a bad conduct discharge, to forfeit two-thirds pay per month for two months, and to be restricted to the limits of his ship for two months. Approval by the convening authority followed.

The officer exercising general court-martial jurisdiction noted that the forfeiture of pay in the sentence was stated in fractions and months instead of dollars and cents. Nevertheless, he approved the proceedings, findings and sentence, with the exception that the execution of the bad conduct discharge was suspended for a period of six months, at which time, unless the suspension was vacated, the bad conduct discharge was to be remitted without further action.

The board of review held that the failure of the court to provide for the forfeiture of pay in specific terms of dollars or dollars and cents rendered that portion of the sentence invalid, and approved only the bad conduct discharge suspended for the probationary period and restriction aboard ship for

two months. The Judge Advocate General of the Navy thereupon, by virtue of Article 67(b)(2), Uniform Code of Military Justice, 50 USC § 654 certified the following question to this Court: Does the fact that the court in this case failed to express the forfeiture of pay in dollars and cents deprive that portion of the sentence pertaining to forfeitures of legal effect?

Article 19, Uniform Code of Military Justice, 50 USC § 579, authorizes special courts-martial to impose forfeitures. In so far as pertinent to this decision, the wording is:

"Special courts-martial may, under such limitations as the President may prescribe, adjudge any punishment not forbidden by this code except . . . forfeiture of pay exceeding two thirds pay per month, or forfeiture of pay for a period exceeding six months."

Subparagraph 126c(1) of the Manual for Courts-Martial, United States, 1951, substantially repeats the language of the Article, and this is followed by subparagraph 126h(1) which states:

"To be effective any forfeiture, fine, or detention of pay must be adjudged in express terms. Loss of pay shall be stated in dollars or dollars and cents, not in days' pay (see app 13)."

We first direct attention to the fact that the error seized upon by the board of review is a post-trial infirmity and in no way touches the legality of the finding of guilty. The forfeiture was adjudged in express terms, so, at most, the error was a failure to comply with the provision of the Manual, which apparently seeks to simplify bookkeeping and eliminate the necessity of having an administrative officer compute the exact amount of the forfeiture assessed. The purpose to be accomplished by this provision is praiseworthy, and should be carried out by the courts-martial, but the requirement is not of such prime importance that failure to comply therewith renders that portion of the sentence void.

Article 19 of the Code, supra, prescribes the limits on forfeitures that may be imposed by a special court, and the one rendered by the court is well within those limits. As a matter of fact, the court in expressing that portion of the sentence chose the wording of the Code, except it reduced the period from six months to two months. Thus, we are not confronted with a situation where the court imposed a forfeiture in excess of or different from that permitted by law. The only question posed in this instance is the effect of a minor irregularity in the term of a sentence.

There is a line of federal cases which have passed on the legality of sentences which, though irregular, are within the framework of the statutory enactment. They, of course, do not pass on the identical problem here presented, but they mark the path we elect to follow. In the case of In re Bonner, 151 US 242, at page 257, 38 L ed 149, 151, 14 S Ct 323, Mr. Justice Field, speaking for the court, stated:

"It is plain that such court has jurisdiction to render a particular judgment only when the offense charged is within the class of offenses placed by law under its jurisdiction; and when, in taking custody of the accused, and in its modes of procedure to the determination of the question of his guilt or innocence, and in rendering judgment, the court keeps within the limitations prescribed by the law, customary or statutory. When the court goes out of these limitations, its action, to the extent of such excess, is void. Proceeding within these limitations, its actions may be erroneous but not void."

We can not subscribe to the contention that the forfeiture was so indefinite or vague as to be void. If it is, then the well-known Army authority has recommended void forfeitures for many years, as Colonel Winthrop in his early volume, Military Law and Precedents, states (page 427–428, Second Edition, 1920 Reprint):

"Where it is not intended by the court to deprive the accused of his entire pay, the sentence may impose a forfeiture of his pay for a month or months, or of a portion—as one-half, or so many dollars—of such pay, or simply of so many dollars in general terms, or of the pay or a portion of the pay 'for the same period' as that of the term of an imprisonment (or suspension) adjudged in the same sentence."

Moreover, this form has been known and used by the Navy over the many years, and in so far as we have been able to ascertain, no serious difficulty has arisen over uncertainty. On the contrary, Naval reviewing authorities have on occasions determined in dollars and cents the precise amount expressed in a fractional sentence and every pay clerk and pay master should be able to do likewise. Considered most favorably to the accused this forfeiture was only temporarily uncertain as it could have been made definite by the accused or any one else by resorting to the appropriate pay tables for his rate of pay as affected by grade and longevity, and then modified by applying the two-thirds factor to the rate. A simple arithmetical problem was involved and one which we fail to see would cause any difficulty in determining, with certainty, what monetary forfeiture the court imposed. The sentence was in substantial compliance with the Code, and while it did not exactly follow the requirements of the

**265**

Manual, we consider such a minor irregularity to be encompassed within the congressional mandate contained in Article 59(a), Uniform Code of Military Justice, 50 USC § 646, which provides:

"A finding or sentence of a court-martial shall not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused."

We, of course, wonder why a question shrouded in such simplicity and with no prejudicial impact on the accused should reach this Court. Boards of review are given broad powers to approve only such part or amount of a sentence as they believe, in fact and law, should be affirmed, and it would have been a simple matter for the board that heard this case to remove any imaginary uncertainty by computing the amount and then approving a forfeiture of that amount. Other service boards of review have satisfactorily disposed of similar sentences. See United States v. Keys, 2 CMR(AF) 564. The accused could not be substantially prejudiced by such action as the exact amount of the forfeiture is readily ascertainable and any erroneous computation easily and legally correctible.

A reference to the legislative hearings discloses that members of Congress in discussing Article 59(a), supra, announced a purpose of preventing technical and unimportant errors from interfering with the fair administration of the Uniform Code. Undoubtedly, this is a type of case contemplated by them and one which called forth the language used by Mr. Justice Frankfurter in his opinion in Bruno v. United States, 308 US 287, 293–294, 84 L ed 257, 260, 60 S Ct 198.

"It would be idle to predetermine the scope of such a remedial provision as § 391 by anticipating the myriad varieties of rulings made in trials and attempting an abstract, inclusive definition of 'technical errors.' Suffice it to indicate, what every student of the history behind the Act of February 26, 1919, knows, that that Act was intended to prevent matters concerned with the mere etiquette of trials and with the formalities and minutiae of procedure from touching the merits of a verdict."

Part of that quotation can be aptly applied in this instance. The board of review used the minutiae of procedure to set aside a portion of the sentence. In so doing, it overlooked the fundamental principle that error without injury does not require reversal.

For the reasons set forth, we hold that the failure of the court to express the forfeiture of pay in dollars or dollars and cents does not render that portion of the sentence void and of no force and effect. Neither does the failure materially prejudice the substantial rights of the accused.

However, this does not entirely dispose of the controversy. As previously stated, the board of review is granted the authority to approve only so much of a sentence as it believes correct in law and in fact and determines, on the basis of the entire record, should be approved. The board has only approved so much of the sentence as did not involve a forfeiture; and, while it erred on a principle of law which should be corrected, we do not express an opinion on whether the case should be reconsidered on the entire record. While this Court can not increase the severity of a sentence affirmed by a board of review we have no disposition to influence any subsequent action it may believe legally justified by the record.

The record is returned to The Judge Advocate General of the Navy for such action as may be consistent with this opinion.

Chief Judge QUINN and Judge BROSMAN concur.