UNITED STATES, Appellee

v

LARRY L. HART, Private, U. S. Army, Appellant

17 USCMA 524, 38 CMR 322

No. 20,846

May 10, 1968

*Captain Ray R. Williams, Jr.*, argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Captain Anthony F. Cilluffo.*

*Captain William R. Steinmetz* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick, Major John F. Webb, Jr.*, and *Captain Harvey L. Anderson.*

## Opinion of the Court

KILDAY, Judge:

Appellant was arraigned before a general court-martial convened at Chu Chi, Republic of Vietnam, charged with one specification of unpremeditated murder and three specifications of assault with a dangerous weapon, in violation of Articles 118 and 128, Uniform Code of Military Justice, 10 USC §§ 918 and 928, respectively. He pleaded not guilty but was found guilty as charged and sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for life. A board of review in the office of the Judge Advocate General of the Army affirmed the findings and sentence but reduced the confinement portion thereof to twenty years.

We granted the appellant's petition to consider whether the law officer erred in admitting into evidence a written and an oral pretrial confession of the appellant. The basis for counsel's assertion of error was an allegedly inadequate warning relative to appellant's right to the assistance of counsel prior to making the pretrial statements.

The facts of the case do not bear directly on the issue and, accordingly, will not be set forth; the only question before us is the extent to which the appellant was informed of his right to the assistance of counsel as defined by the Supreme Court in Miranda v Arizona, 384 US 436, 16 L Ed 2d 694, 86 S Ct 1602 (1966). See also United States v Tempia, 16 USCMA 629, 37 CMR 249.

The issue was contested at trial and decided adversely to the appellant. At this level, however, the Government, in a well-reasoned brief, analyzed the cases decided by this Court subsequent to United States v Tempia, supra, and conceded "that the prosecution *showing* with regard to the right to counsel warning afforded the appellant was insufficient (see especially United States v Groover [17 USCMA 295, 38 CMR 93], supra; United States v Wood [17 USCMA 257, 38 CMR 55], supra; United States v Stanley [17 USCMA 384, 38 CMR 182], supra; also United States v McCauley [17 USCMA 81, 37 CMR 345], supra). Because the Government did not carry its burden to affirmatively establish compliance with *Miranda* and *Tempia*, both *supra*, and the appellant did not consent to the receipt in evidence of the statements, the appellant is entitled to a rehearing."

While we need not, in a proper case, accept a concession of error if it is ill-advised (cf. United States v Wille, 9 USCMA 623, 26 CMR 403), we do in this case believe the Government's concession is in accord with our prior decisions and, accordingly, we accept it. In addition, we commend the Government for its forthrightness in the matter. We do not, however, believe, as appellate defense counsel urge, that the charges should be dismissed. Our action in this case is not based on a lack of sufficient evidence in the record to support the findings. Article 67(e), Code, supra, 10 USC § 867.

The decision of the board of review is reversed. The record of trial is re-

**525**

turned to the Judge Advocate General of the Army. A rehearing may be ordered.

Chief Judge QUINN and Judge FERGUSON concur.