UNITED STATES, Appellee

v

HAROLD J. LANDRUM, Private First Class, U. S. Army, Appellant

17 USCMA 526, 38 CMR 324

No. 20,960

May 10, 1968

Colonel Daniel T. Ghent, Captain John Wall Hanft, and Captain Frederick L. Haag were on the pleadings for Appellant, Accused.

Lieutenant Colonel David Rarick, Major Edwin P. Wasinger, and Captain Robert M. Steinbach were on the pleadings for Appellee, United States.

## Opinion of the Court

KILDAY, Judge:

The appellant was arraigned before a general court-martial convened at Wurzburg, Germany, charged with one specification each of assault and robbery, in violation of Articles 128 and 122, Uniform Code of Military Justice, 10 USC §§ 928 and 922, respectively. He pleaded not guilty but was found guilty of assault and not guilty of robbery but guilty of larceny, in violation of Article 121, Code, supra, 10 USC § 921. He was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for six years. The board of review affirmed the findings and the sentence as adjudged, except for the confinement portion thereof which it reduced to four years.

Appellate defense counsel assigned several errors, but we find only that which pertained to the law officer's instructions to the court on the issue of voluntariness of the appellant's pretrial statement to have merit.

During the trial, a Criminal Investigations Detachment agent testified that he had interviewed Landrum relative to the offenses charged. He asserted that he initially warned the appellant of his rights under Article 31, Code, supra, 10 USC § 831, and, in addition, informed him that " 'you have a right

526

to consult with counsel, if you have retained on [sic], or wish to retain one, or to consult with military counsel of your choice, if reasonably available, or to consult with appointed military counsel. By counsel I mean a lawyer. You also have the right to have that counsel present during all phases of this interview, if you so desire.' "

In reply to a direct inquiry by trial counsel, the agent asserted that the appellant indicated he understood what he had been told and did not desire counsel.

Contrariwise, the appellant testified that when he was warned of his right to consult with counsel, he requested that he be allowed to do so.

During the interview which followed, the appellant made a number of statements which were testified to during the trial and which tended to show a consciousness of guilt and an apparent effort to conceal relevant facts injurious to him.

Appellate defense counsel allege that the law officer erred by failing to tailor his instructions to the court on the issue of the voluntariness of the appellant's oral pretrial statements made during a custodial interrogation.

The Government concedes error. In its brief, it stated:

"IN LIGHT OF THIS HONORABLE COURT'S RECENT DECISION, IN UNITED STATES V WESTMORE (NO. 20,524), 17 USCMA 406, 38 CMR 204, 23 FEB 68, THE GOVERNMENT ACKNOWLEDGES ERROR RESULTING FROM THE LAW OFFICER'S FAILURE TO INSTRUCT THE COURT-MARTIAL THAT THE GOVERNMENT HAD THE BURDEN OF PROVING BEYOND A REASONABLE DOUBT THAT THE APPELLANT DID NOT IN ANY MANNER INDICATE THAT HE DID NOT WISH TO BE INTERROGATED, AND THAT IF THE GOVERNMENT FAILED TO SUSTAIN THIS BURDEN ANY ADMISSIONS OR CONFESSIONS FROM ENSUING INTERROGATION WOULD BE PER SE INVOLUNTARY AND COULD NOT BE CONSIDERED. THE ERROR WAS PREJUDICIAL TO THE SUBSTANTIAL RIGHTS OF THE ACCUSED (UNITED STATES V LINCOLN, 17 USCMA 330, 38 CMR 128; UNITED STATES V SOLOMON, 17 USCMA 262, 38 CMR 60; UNITED STATES V BOLLONS, 17 USCMA 253, 38 CMR 51), AND THE APPELLANT'S PETITION FOR REVIEW SHOULD BE GRANTED AND A REHEARING ORDERED."

We agree. United States v Westmore, 17 USCMA 406, 38 CMR 204.

We note, in addition, that the law officer, when he instructed the court on the issue of voluntariness, declared that where the testimony of the prosecution and the defense are diametrically opposed it is not within his province to rule on the credibility of the witnesses; that in such circumstances he has no choice but to submit the question to the court for its exclusive determination.

If by this statement the law officer intended to declare he had *no* responsibility for the determination of voluntariness, he was in error (Jackson v Denno, 378 US 368, 12 L Ed 2d 908, 84 S Ct 1774, 1 ALR3d 1205 (1964)), for the teaching of that case is that the issue must first be passed on by the trial judge before it is submitted to the jury. Only if he first finds it to be voluntary may he then submit the matter for determination by the fact finders (Jackson v Denno, supra). We need not, however, decide the issue in this case, for reversal is required on other grounds and the question will not arise on a rehearing.

Accordingly, the decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Chief Judge QUINN and Judge FERGUSON concur.