UNITED STATES, Appellee

v

TRUMAN A. ROBBINS, Private First Class, U. S. Army, Appellant

18 USCMA 86, 39 CMR 86

No. 19,554

January 10, 1969

*Captain Dennis R. Hunt* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Major David J. Passamaneck.*

▮▮▮▮▮▮▮▮▮▮▮

*Captain David K. Fromme* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick* and *Major Edwin P. Wasinger.*

## Opinion

FERGUSON, Judge:

This case is before us for review the second time. In our initial opinion (United States v Robbins, 16 USCMA 474, 37 CMR 94), we reversed for an instructional error by the law officer, and for his ruling excluding certain testimony during the sentence proceedings. The record of trial was returned to the Judge Advocate General of the Army for further proceedings. In our mandate thereon we advised the Judge Advocate General that "such proceedings be had in said case as will cause the convening authority to order a rehearing, if such rehearing is practicable; and, such other and further proceedings as according to right and justice and the Uniform Code of Military Justice ought to be had, the said decision of the Board of Review notwithstanding."

The accused, although originally tried in Vietnam on orders of the Commanding General of the 1st Cavalry Division (Airmobile), was retried at Fort Leavenworth, Kansas, by order of the Commanding General there, following receipt by him of a letter from the Judge Advocate General of the Army directing that *he* proceed with the case in accordance with Article 67(f), Uniform Code of Military Justice, 10 USC § 867.

At trial, defense counsel moved for a dismissal of the charges and specifications on the ground that the Commanding General, Fort Leavenworth, was without authority to order a rehearing since he was not the *original* convening authority. He cited, in substantiation of his position, Article 67 (f), Code, supra; United States v Smith, 16 USCMA 274, 36 CMR 430; and certain specified Army pocket supplements to the Manual for Courts-Martial, United States, 1951, based on

directives from the Judge Advocate General.[1] The prosecution contested the motion on the ground that while the referred-to supplements to the Manual did indeed give to the *original* convening authority the option of ordering a rehearing or dismissing the charges, despite the fact that the accused may have been transferred out of his jurisdiction, these supplements are not law but mere statements of policy. Regardless, trial counsel further asserted, since the Manual supplements were based on letters from the Judge Advocate General, these letters were superseded by the latest such letter to the Commanding General, Fort Leavenworth, establishing a new procedure.[2] The motion was denied.

We believe defense counsel was correct when he contended the Commander at Fort Leavenworth was without authority to order a rehearing in this case. In United States v Smith, 15 USCMA 416, 35 CMR 388, we initially reversed and issued an identical mandate. Smith had originally been convicted by a court-martial convened by the Commander, Vandenberg Air Force Base. He had completed his sentence during the period of appellate review and been reassigned to Scott Air Force Base to await execution of the previously adjudged bad-conduct discharge. In accordance with our mandate, the Judge Advocate General of the Air Force, pursuant to the provisions of Article 67(f), Code, supra, referred the decision as to a rehearing to the convening authority at Vandenberg and directed that the *procedures* set forth in paragraph 84, AFM 110-8, March 20, 1959, be followed. The latter decided that a rehearing was not practicable and directed the Commander at Scott to publish the neces-

---

[1] Letter, JAGM CM 353869, April 8, 1953, and Letter, JAGJ CM 400951, CM 400321, April 16, 1959.

[2] No case has been called to our attention where this procedure has been previously followed.

sary orders setting aside the findings and dismissing the case. The Commander at Scott disagreed and ordered a rehearing to be held at that Base. The accused appealed from his subsequent conviction and we reversed and dismissed the charges on the ground that since the original convening authority occupies a judicial position, his actions in that capacity amount to an exercise of the sovereign judicial power of the United States, and his order directing the dismissal of the charges could not be revoked without the consent of the accused. Article 44, Code, supra; cf. United States v Werthman, 5 USCMA 440, 18 CMR 64.

Since a rehearing is but "a continuation of the former proceeding" (Hearings before House Armed Services Committee on H.R. 2498, 81st Congress, 1st Session, page 1180; House Report No. 491, 81st Congress, 1st Session, page 30; Senate Report No. 486, 81st Congress, 1st Session, page 27), it follows that trial by court-martial is a military proceeding which convenes with the initial hearings on the merits, proceeds through appellate channels, and ends with affirmance of conviction or, in the event of reversal, repetition of the trial and review procedures or dismissal of the charges. Central to this process is the convening authority. See generally Articles 22–29, Code, supra. Under Article 64, Code, supra, █ he is empowered to disapprove a finding and sentence for any reason (Hearings before House Armed Services Committee, supra, pages 1182–1184); and in accordance with Article 67(f), supra, he may dismiss the charges, if he "finds a rehearing impracticable," even though appellate authority has *ordered* a rehearing. Such an *order* is in actuality

merely an authorization for a rehearing and not a mandatory directive. Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, page 133.

In the case at bar, the Judge Advocate General of the Army, upon receipt of our opinion and mandate, forwarded the same to the Commanding General, Fort Leavenworth, Kansas, by letter (Appellate Exhibit 3), with a request that the latter "take action in accordance with the provisions of Article 67(f) of the Uniform Code of Military Justice, and paragraph 101 of the *Manual for Courts-Martial, United States, 1951*.[3] .If you determine that a rehearing is impracticable, you are requested to publish a supplementary order promulgating the results of appellate review and dismissing the charges and specifications thereof." No mention is made therein of the original convening authority, nor was he furnished a copy of the Judge Advocate General's letter.

We believe that the Judge Advocate General erred in not referring this case to the original convening authority. The remand █ procedure contemplated by █ Article 67(f), Code, supra, is essentially the general civilian rule that a case should normally be returned for corrective proceedings to the same court which initially tried it, but, *for good cause*, remand can be to a different court. Occidental Petroleum Corporation v Chandler, 303 F2d 55 (CA10th Cir) (1962), certiorari denied, 372 US 915, 9 L Ed 2d 722, 83 S Ct 718 (1963). We have specifically recognized situations in which reference to a convening authority other than the one who initially acted in the case may be necessitated in the in-

---

[3] The pertinent section of paragraph 101 is as follows:

"After it has acted on a case, the Court of Military Appeals may direct the Judge Advocate General to return the record to the board of review for further review in accordance with the decision of the court. Otherwise, unless there is to be further action by the President, or the Secretary of the Department, the Judge Advocate General shall instruct the convening authority to take action in accordance with that decision. If the court has ordered a rehearing, but the convening authority finds a rehearing impracticable, he may dismiss the charges (Art. 67*f*)."

terest of justice. United States v Du-Bay, 17 USCMA 147, 37 CMR 411; United States v White, 10 USCMA 63, 27 CMR 137. In such cases the new convening authority, not the original, determines whether a rehearing should be ordered. See also United States v Gordon, 1 USCMA 255, 2 CMR 161; United States v Houston, 17 USCMA 280, 38 CMR 78; United States v Koren, 17 USCMA 513, 38 CMR 311. But where our mandate specifically states that the matter be referred "to the convening authority," there is no justification for the Judge Advocate General to deviate from the mandate. Cascade Nat. Gas Corp. v El Paso Nat. Gas Co., 386 US 129, 17 L Ed 2d 814, 87 S Ct 932 (1967). As the Supreme Court stated in the cited case at page 136:

". . . No one, except this Court, has authority to alter or modify our mandate. United States v du Pont & Co., 366 US 316, 325, 6 L Ed 2d 318, 324, 81 S Ct 1243."

See also United States v Kepperling, 11 USCMA 280, 29 CMR 96; United States v Smith, 16 USCMA 274, supra.

When the Congress, in enacting Article 67(f), referred to the convening authority, we believe it meant the one who originally referred the matter to trial. We are buttressed in this belief by the references in the House Hearings, supra, pages 1184–1185, to the testimony of Generals Eisenhower and Collins, which formed the basis for the Congressional understanding that by enacting Article 64 it was empowering *the original* convening authority to disapprove the findings and sentence of a court-martial "for any or for no reason." *Id.*, at page 1185. We disagree with trial counsel's assertion that the implementing regulations of the Judge Advocate General, which are substantially in accord with those of the Air Force as quoted in United States v Smith, 16 USCMA 274, supra, and Article 67(f), supra, were superseded by the letter to the commanding officer, Fort Leavenworth, in this case. Congressional enactments cannot be repealed in that manner. Our own authority to direct a different pro-cedure is in accord with proper judicial practices. Occidental Petroleum Corporation v Chandler, supra.

In the aforementioned regulation, the Judge Advocate General of the Army set forth the procedure to be followed in the event a rehearing is directed by this Court.

". . . When the USCMA directs a rehearing in a case in which it has disapproved a conviction by GCM, a copy of the decision will be forwarded to the *original* CA in the case, giving him the option of ordering a rehearing or dismissing the charges. In such a case, the fact that accused has, in the meantime, been transferred out of the jurisdiction of the original CA does not affect the authority of that CA to act in the case. If that CA orders the charges dismissed, his action is determinative of the question of a rehearing. If, however, he orders a rehearing, such action does not deprive the officer then exercising GCM jurisdiction over accused of his power to decide whether a rehearing is practicable in his command. If the latter decides that a rehearing is not practicable, it should publish an order dismissing the charges. When such action is taken, it will be appropriate to advise the CA of the reasons therefor. LTR, JAGM CM 353869, 8 Apr 53." [Emphasis supplied.]

These regulations, published in further explanation of paragraphs 92 (rehearings generally) and 101 (hearings ordered under Article 67(f)) of the Manual, are expressive of the Judge Advocate General's understanding of the intent of Congress. See, in accord, paragraph 84, AFM 110-8, March 20, 1959, the Air Force's counterpart instruction.

At this level the Government refers to the Air Force publication as a *policy* directive but describes the Army procedure as merely a *practice.* Allegedly, in the Navy, it is also only a *practice,* the latter service having issued no directives on the matter. The Government contends that since

the question of whether a rehearing is practicable in one command or another is "purely administrative or ministerial in nature," "authority to make the decision as to the command to which a case should be initially referred for possible rehearing, if practicable in that command, should be reposed in The Judge Advocate General."

We think the Government's argument begs the question. As we have demonstrated, it is quite clear that the Congress intended for *the* original convening authority to make the *initial* decision as to the practicability of a rehearing. Had it intended to repose this power in another convening authority selected by the Judge Advocate General, we believe it would have said so. Rules of procedure are not changed by fiat of the Judge Advocate General.

We hold, therefore, that the proceedings in this case were without authority and hence a nullity. Cf. United States v Robinson, 13 USCMA 674, 33 CMR 206. *Per se* dismissal of the charges, as prayed for by the appellant, is not necessarily required, since our original mandate, not having been complied with, is still in effect.

In this case, however, we do not believe that a retrial would serve any useful purpose. The accused, prior to the charged offenses, had over four years honorable service, with no convictions, including combat duty in Vietnam. He was well thought of by his supervisors there. While in confinement, he was consistently rated as above average in the pertinent categories. The present court, after receiving evidence in extenuation and mitigation and being informed that the accused would be credited with 392 days prior confinement, sentenced him to only confinement at hard labor for one year, total forfeitures, and reduction in grade. It assessed no punitive discharge, although the maximum allowable punishment was given as dishonorable discharge, total forfeitures, confinement at hard labor for three years, and reduction in grade. The convening authority at Fort Leavenworth,

noting that the confinement portion of the sentence had been served, approved only one-year confinement and reduction in grade. The accused was retained on duty in the Fort Leavenworth command pending completion of appellate review.

In view of our action in this case, we need not consider the remaining assignment of error.

Accordingly, the decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Army. The charges are ordered dismissed.

QUINN, Chief Judge (concurring in the result):

As the principal opinion acknowledges, Article 67(f), Uniform Code of Military Justice, does not require reference to the original convening authority as a categorical imperative in every case in which rehearing is ordered by an appellate tribunal. Circumstances may require that further proceedings be taken by a convening authority different from the one who originally reviewed the case. If the necessity is apparent on the record, the Court's mandate will expressly provide that the case be referred to a different convening authority. See United States v Hicks, 18 USCMA 38, 39 CMR 38; United States v DuBay, 17 USCMA 147, 149, 37 CMR 411. Sometimes, however, the necessity of taking a case from the original convening authority may not be obvious; as a result, the mandate of the Court may leave the Judge Advocate General free to take "action not inconsistent" with the decision. See United States v Houston, 17 USCMA 280, 283, 38 CMR 78. The principal opinion suggests that the provisions of Article 67(f) limit the Judge Advocate General either to submitting the record to the original convening authority or applying to the Court for change of the mandate. United States v Kepperling, 11 USCMA 280, 29 CMR 96, is opposed to that suggestion.

In *Kepperling*, the accused was tried in Japan. A board of review directed a rehearing on the sentence. Between

90

conviction and completion of appellate review, the accused had been transferred to the continental United States and had obtained a civilian lawyer to represent him. Under the circumstances, rather than resubmitting the case to the original convening authority in Japan, the Judge Advocate General referred it to the convening authority in the United States who then had jurisdiction over the accused. No question was raised as to the legality of the reference, and we did not comment on the matter in our opinion. Of course our silence cannot be construed as a determination of the issue, but *Kepperling* implies a practical construction of Article 67(f) which apparently recognizes a degree of discretion in the Judge Advocate General when the mandate in the case authorizes him to take action consistent with the opinion. The facts in this case do not require determination of the matter, but since the principal opinion has singled it out for comment, I am constrained to enter a caveat and note that, while agreeing generally with the principal opinion, I have not considered, and do not now decide, how far the Judge Advocate General can promulgate rules for remand of cases in which the mandate of the Court leaves him free to take "action not inconsistent" with the decision. United States v Gordon, 1 USCMA 255, 262, 2 CMR 161.

Judge DARDEN did not participate in the decision in this case.