UNITED STATES, Appellee

v

HAROLD J. LANDRUM, Private First Class,
U. S. Army, Appellant

18 USCMA 375, 40 CMR 87

*Colonel Daniel T. Ghent, Major John Wall Hanft,* and *Captain Karl J. Uebel* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel David Rarick, Major Edwin P. Wasinger,* and *Captain David K. Fromme* were on the pleadings for Appellee, United States.

## Opinion

FERGUSON, Judge:

This case is before us for the second time. See United States v Landrum, 17 USCMA 526, 38 CMR 324. In the mandate accompanying our previous opinion, reversing for error in the law officer's instructions, we directed the Judge Advocate General of the Army to take such action "as will cause the *convening authority* to order a rehearing, if such rehearing is practicable." (Emphasis supplied.) Thereafter, although the accused had originally been tried in Germany on orders of the Commanding General of the Third Infantry Division, the Judge Advocate General directed the Commanding General, Fort Leavenworth, Kansas, to take action in accordance with our mandate and opinion.

The accused was retried at Fort Leavenworth and again convicted of the original charges. Appellate defense counsel allege that the court-martial convened at Fort Leavenworth was without jurisdiction to rehear this case since the *original convening authority* had not first been given the option of ordering a rehearing or dismissing the charges.

We agree. Our holding in United States v Robbins, 18 USCMA 86, 39 CMR 86, is directly in point. For the reasons set forth in *Robbins*, the proceedings in this case were without authority and hence a nullity.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

QUINN, Chief Judge (concurring in the result):

United States v Robbins, 18 USCMA 86, 39 CMR 86, does not hold that remand of a case for the purpose of determining whether to dismiss the charge or direct a rehearing thereon to a convening authority different from the one who initially acted in the case is jurisdictionally impossible. On the contrary, *Robbins* "specifically recognized situations in which" remand to another convening authority "may be necessitated" by the circumstances of the case. *Id.*, at page 88.

All that is involved in this case, as in *Robbins*, is a departure from the terms of our remand. In *Robbins*, the accused refused to participate in the unauthorized deviation. Here, the accused did not object to action by the new convening authority to whom the Judge Advocate General had referred the case. More importantly, he prevailed upon the new convening authority to modify one of the charges and to agree to approve a sentence no more severe than that suggested by him as appropriate; he also entered a plea of guilty and secured a reduction in the sentence imposed by the court-martial to the limits previously approved by the convening authority. Since the accused has had the benefits of proceedings in which he was a willing, and perhaps even an eager, participant, I see no reason to invalidate those proceedings because they do not conform strictly to our mandate. Certainly, the parties should have sought modification of our mandate, but their failure is not, in my opinion, good cause to invalidate proceedings in which both voluntarily and knowingly participated. However, to effect a practical disposition of the case, I join in the remand to the original convening authority.

Judge DARDEN did not participate in the decision in this case.