*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, GROSS, and de GROOT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Collyn K. NELSON**
Airman (E-3), U.S. Navy
*Appellant*

**No. 202400119**

_____

Decided: 31 January 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Rachel E. Trest (arraignment)
Kimberly J. Kelly (trial)

Sentence adjudged 6 October 2022 by special court-martial tried at Naval Air Station Pensacola, Florida, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, forfeiture of one-half month's pay per month for 2 months, and confinement for 30 days.[1]

---

[1] Appellant was credited with 59 days confinement credit (5 days of pretrial confinement credit and 54 days of judicially ordered credit). Thirty days of confinement credit was applied day-for-day to the sentence of confinement. The remaining 29 days of confinement credit was applied to adjudged forfeiture of pay at a rate of two days of forfeitures for every one day of confinement credit.

For Appellant:
*Lieutenant Colonel Gregory P. Adams, USMCR*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[2]

However, we note the military judge failed to announce the amount of forfeiture in pay in whole dollars as required by Rule for Courts-Martial (R.C.M.) 1003(b)(2).[3] The rule also provides that if a sentence includes a reduction in grade, then the forfeiture should be based on the grade to which reduced.[4] Had the military judge complied with the rule and stated the forfeiture amount as a whole dollar amount at the reduced grade of E-1, it would have been $916.00 per month for two months. The Entry of Judgment (EOJ) repeats the forfeiture language as announced on the record.

As we have previously stated and repeated, "The failure of the military judge to account for forfeitures in a dollar amount is a clerical error with 'no prejudicial impact on the accused' and is easily remedied."[5]

Additionally, the military judge mistakenly entered, "Not Guilty" findings in the EOJ on specifications 1 and 2 of the Charge and the sole specification of

_____

[2] Articles 59 & 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. section 859, 866.

[3] Manual for Courts-Martial, United States (2019 ed.).

[4] R.C.M. 1003(b)(2).

[5] *United States v. Jewett*, No. 200900167, 2009 CCA LEXIS 688, at *2 (N-MC Ct. Crim. App. 24 Sept. 2009) (unpublished) (quoting *United States v. Gilgallon*, 1 C.M.A. 263, 2 C.M.R. 170, 172 (C.M.A. 1952).

Additional Charge II instead of, "Withdrawn and Dismissed" in accordance with her announced findings.[6]

Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[7] In accordance with Rule for Courts-Martial 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[6] R. at 61-62.

[7] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | **NMCCA NO. 202400119** |
| **v.** | **ENTRY OF JUDGMENT** |
| **Collyn K. NELSON**<br>**Airman (E-3)**<br>**U.S. Navy** | |
| *Accused* | *As Modified on Appeal* |
| | **31 January 2025** |

On 6 October 2022, the Accused was tried at Naval Air Station Pensacola, Florida, by a special court-martial, consisting of a military judge sitting alone. Military Judge Kimberly J. Kelly presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge:**  **Violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.**

>*Plea:* Guilty.
>*Finding:* Guilty.

**Specification 1 (Violation of a lawful general order):**

>**Did, at or near Pensacola, Florida, on or about 2 March 2022, fail to obey a lawful general order, which was his duty to obey, to wit: paragraph 3(e) of OPNAVINST 1700.16B, dated 22 July 2015, by wrongfully possessing alcohol on a Naval Installation while under 21 years of age.**

>*Plea:* Not Guilty.
>*Finding:* Withdrawn and dismissed.

## Specification 2 (Violation of a lawful written order):

Having knowledge of a lawful order issued by the NATTC CO, to wit: paragraph 1, NATTC Student Handbook, dated June 2021, did, at or near Pensacola, Florida, on or about 2 March 2022, fail to obey the same by wrongfully bring alcohol into the NATTC barracks.

*Plea:* Guilty.
*Finding:* Guilty.

## Specification 3 (Dereliction in the performance of duties):

Who should have known of his duties at or near Pensacola, Florida, on divers occasions, between about 1 March 2022 and 19 May 2022, was derelict in the performance of those duties in that he negligently failed to abide by paragraph 312 of NASPNCLAINST 5500.1H dated 18 December 2006, as was his duty to do, by wrongfully possessing a firearm, air guns, and a knife with a blade of three inches or greater on board NAS Pensacola and Corry Station without authorization of the Installation Commanding Officer.

*Plea:* Not Guilty
*Finding:* Withdrawn and Dismissed.

## Additional Charge I: Violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886.

*Plea:* Guilty.
*Finding:* Guilty.

## Specification (Absence from place of duty):

Did, from on or about 28 June 2022 at approximately 0730 until about 29 June 2022 at approximately 1220, without authority, absent himself from his place of duty at which he was required to be, to wit: NATTC complex located aboard NAS Pensacola, and did remain so absent until he was apprehended on or about 29 June 2022.

*Plea:* Guilty.
*Finding:* Guilty.

**Additional Charge II: Violation of Article 87b, Uniform Code of Military Justice, 10 U.S.C. § 887b.**

> *Plea:* Not Guilty.
>
> *Finding:* Withdrawn and dismissed.

**Specification (Breach of restriction):**

> **Having been restricted to the limits of the NATTC complex aboard NAS Pensacola, by a person authorized to do so, did at or near Pensacola, Florida on or about 28 June 2022, break said restriction.**
>
> *Plea:* Not Guilty.
>
> *Finding:* Withdrawn and dismissed.

**Additional Charge III: Violation of Article 92 Uniform Code of Military Justice, 10 U.S.C. § 892.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

**Specification (Violation of a lawful written order):**

> **Having knowledge of a lawful order issued by the CO, NATTC, to wit: paragraph 41 on page 13 and paragraph 65 on page 19 of the NATTC Student Handbook dated June 2021, an order which it was his duty to obey, did at or near Pensacola, Florida, on or about 28 June 2022, fail to obey the same by wrongfully exiting his barracks room via the window on board NAS Pensacola.**
>
> *Plea:* Guilty.
>
> *Finding:* Guilty.

## SENTENCE

On 6 October 2022, a military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**To forfeit $916.00 per month for two months.**

**Confinement**

> *For Specification 2 of Charge:*
> confinement for 30 days.

*For Specification of Additional Charge I:*
confinement for 30 days.

*For Specification 3 of Additional Charge II:*
confinement for 30 days.

The terms of confinement will run concurrently.

**Confinement for a total of 30 days.**

The Accused shall be credited with 59 days of confinement credit (including 5 days pretrial confinement credit and 54 days of judicially ordered credit). Thirty days of confinement credit was applied day-for day to the sentence of confinement. The remaining 29 days of confinement credit was applied to the adjudged forfeiture of pay at a rate of two days of forfeitures for every one day of confinement.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

4