*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KIRKBY, GANNON, and BROWN
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Ismael G. CAZAREZ**
Religious Program Specialist Petty Officer Second Class (E-5),
U.S. Navy
*Appellant*

**No. 202400356**

_____

Decided: 26 March 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Benjamin B. Garcia (arraignment and trial)

Sentence adjudged 13 June 2024 by a special court-martial tried at Naval Base Guam, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 60 days, forfeiture of 2/3 pay per month for two months, and a bad-conduct discharge.

For Appellant:
*Captain Katherine Malcolm, USMC*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2(b).**

_____

PER CURIAM:

Appellant was convicted, in accordance with his pleas, of one specification of wrongful use of a controlled substance, and one specification of wrongful manufacture of a controlled substance with the intent to distribute, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. This case was submitted without assignment of error. However, we find the military judge erred when announcing the adjudged forfeiture component of the sentence.

When partial forfeiture of pay is adjudged, the sentence must state the exact dollar amount of the forfeiture.[1] Here, instead of expressing the partial forfeiture in an exact whole-dollar amount, the military judge erroneously announced the forfeiture as "two-thirds pay for two months."[2] The Entry of Judgment reflects similarly flawed language: "Forfeitures 2/3 pay for 2 months."

"The failure of a military judge to account for forfeitures in a dollar amount is a clerical error with 'no prejudicial impact on the accused,' and it is easily remedied."[3] We will apply such a remedy here.

At Appellant's reduced grade of E-1, forfeiture of two-thirds pay per month for a period of two months calculates to $1,344.80 pay per month for two

_____

[1] Rule for Courts-Martial [R.C.M.] 1003(b)(2) ("Unless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount *in whole dollars* to be forfeited each month and the number of months the forfeitures will last.") (emphasis added).

[2] R. at 139.

[3] *United States v. Jewett*, No. 200900167, 2009 CCA LEXIS 688, at *2 (N-M. Ct. Crim. App. 24 Sept. 2009) (unpub. op.) (quoting *United States v. Gilgallon*, 1 C.M.A. 263, 2 C.M.R. 170, 172 (C.M.A. 1952)).

months.[4] Accordingly, the findings and only so much of the sentence as provides for reduction to E-1, forfeiture of $1,344.00 pay per month for two months, confinement for 60 days, and a bad-conduct discharge are affirmed. We issue a corrected Entry of Judgment, in accordance with Rule for Courts-Martial 1111(c)(2).

After careful consideration of the record, we have determined that the findings and sentence as modified are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[5]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[4] *See* R.C.M. 1003(b)(2) (maximum forfeiture calculated based on accused's reduced grade).

[5] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866.

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | **NMCCA NO. 202400356** |
| **v.** | **ENTRY OF JUDGMENT** |
| **Ismael G. CAZAREZ**<br>**Religious Program Specialist Petty**<br>**Officer Second Class (E-5)**<br>**U.S. Navy**<br>*Accused* | *As Modified on Appeal*<br><br>**26 March 2025** |

On 13 June 2024, the Accused was tried at Naval Base Guam, by a special court-martial, consisting of a military judge sitting alone. Military Judge Benjamin B. Garcia presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge:** **Violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 1:** **Wrongful distribution of some amount of psilocybin mushrooms, a Schedule I Controlled substance, at or near Yona, Guam, on divers occasions between about April 2023 and July 2023.**

*Plea:* Not Guilty.
*Finding:* Withdrawn and dismissed without prejudice upon pronouncement of the sentence, to ripen into prejudice upon completion of appellate review and affirmation of findings and sentence.

**Specification 2:** **Wrongful use of some amount of psilocybin mushrooms, a Schedule I Controlled substance, at or**

**near Yona, Guam, on divers occasions between about April 2023 and July 2023.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 3:** **Wrongful manufacture with the intent to distribute some amount of psilocybin mushrooms, a Schedule I Controlled substance, at or near Yona, Guam, on or about 13 October 2023.**

*Plea:* Guilty.

*Finding:* Guilty.

## SENTENCE

On 13 June 2024, a military judge sentenced Religious Program Specialist Petty Officer Second Class (RP2) Cazarez to the following:

**Reduction to pay grade E-1.**

**Confinement**

*For Specification 2 of the Charge:*
confinement for 20 days.

*For Specification 3 of the Charge:*
confinement for 60 days.

The terms of confinement will run concurrently.

**Confinement for a total of 60 days.**

**Forfeiture of $1,344.00 pay per month for two months.**

**A bad-conduct discharge.**

The military judge recommended, and the convening authority approved, suspension of the adjudged bad-conduct discharge for a period of six months.

Pursuant to RP2 Cazarez's request, the convening authority deferred imposition of confinement until 24 June 2024.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

2