## UNITED STATES, Appellant

v

## JOE M. MARTIN, Private, U. S. Army, Appellee

### 19 USCMA 211, 41 CMR 211

No. 22,182

February 13, 1970

*Captain David K. Fromme* argued the cause for Appellant, United States. With him on the brief were *Colonel David T. Bryant* and *Major Edwin P. Wasinger.*

*Captain Thomas R. Maher* argued the cause for Appellee, Accused. With him on the brief was *Colonel Daniel T. Ghent.*

### Opinion of the Court

QUINN, Chief Judge:

The Judge Advocate General of the Army certified this case for review on the following questions:

1. Was the board of review correct in its legal determination that failure to transmit the case for rehearing to the convening authority who originally referred the case to trial was contrary to the Uniform Code of Military Justice?

2. If so, was the board of review

correct in its determination that such error was jurisdictional in nature which rendered the proceedings null and void?

Originally, the accused was convicted of rape, in violation of Article 120, Uniform Code of Military Justice, 10 USC § 920, by general court-martial,[1] convened by the Commanding General, Seventh Army Support Command, Boeblingen, Germany, and sentenced to a dishonorable discharge, confinement at hard labor for fifteen years, and accessory penalties. The convening authority approved the findings and sentence. In July 1968, a board of review set aside the conviction and ordered a rehearing because of prejudicial error in the admission into evidence of an improperly obtained confession. Thereupon, the Judge Advocate General of the Army transmitted the record of trial for further proceedings to the Commanding General, Fort Leavenworth, Kansas, the officer then exercising general court-martial jurisdiction over the accused, who had been transferred to the United States Disciplinary Barracks, Fort Leavenworth.

In due course, the Commanding General, Fort Leavenworth, directed a rehearing, which was held at Fort Leavenworth on October 7, 1968. At the rehearing, the accused pleaded guilty to, and was convicted of, attempted rape. He was sentenced to a dishonorable discharge, confinement at hard labor for six years, and accessory penalties. The convening authority approved the findings of guilty, but, pursuant to a pretrial agreement with the accused, reduced the confinement to three years and nine months. On review, a board of review reversed this conviction on the ground that the trial was a nullity because the case had not been referred to the *original* convening authority for determination of the practicability of a retrial. See United States v Robbins, 18 USCMA 86, 39 CMR 86 (1969). The board of review authorized a second rehearing under its original mandate.

[1] CM 416961.

In *Robbins,* we were concerned with the legislative intention as to authority of this Court under Article 67(f), Code, supra, 10 USC § 867. This case is concerned with the authority of the board of review under Article 66(e), Code, supra, 10 USC § 866. In language and general legislative purpose, the two Articles are substantially similar. We have no hesitancy in concluding, therefore, that Congress did not intend a difference in authority to order the course of the rehearing of a case in which the original proceedings contained error precluding affirmance by the appellate tribunal. What we said in *Robbins* is equally applicable here:

"We believe that the Judge Advocate General erred in not referring this case to the original convening authority. The remand procedure contemplated by Article 67(f), Code, supra, is essentially the general civilian rule that a case should normally be returned for corrective proceedings to the same court which initially tried it, but, *for good cause,* remand can be to a different court. Occidental Petroleum Corporation v Chandler, 303 F2d 55 (CA10th Cir) (1962), certiorari denied, 372 US 915, 9 L Ed 2d 722, 83 S Ct 718 (1963). We have specifically recognized situations in which reference to a convening authority other than the one who initially acted in the case may be necessitated in the interest of justice. United States v DuBay, 17 USCMA 147, 37 CMR 411; United States v White, 10 USCMA 63, 27 CMR 137. In such cases the new convening authority, not the original, determines whether a rehearing should be ordered. See also United States v Gordon, 1 USCMA 255, 2 CMR 161; United States v Houston, 17 USCMA 280, 38 CMR 78; United States v Koren, 17 USCMA 513, 38 CMR 311. But where our mandate specifically states that the matter be referred 'to the convening authority,' there is no justification for the Judge Advocate General to deviate from the mandate. Cascade Nat. Gas Corp. v El Paso Nat. Gas Co. 386 US 129, 17 L Ed 2d 814, 87 S Ct 932 (1967).

As the Supreme Court stated in the cited case at page 136:

'. . . No one, except this Court, has authority to alter or modify our mandate. United States v du Pont & Co. 366 US 316, 325, 6 L Ed 2d 318, 324, 81 S Ct 1243.' " [*Id.*, at pages 88, 89.]

The Government contends that this Court's mandate in *Robbins* differs from that of the board of review in this case. In its view, the present mandate invested the Judge Advocate General with discretion to refer the case to a general court-martial authority other than the original convening authority. The *Robbins* mandate directed that "such proceedings be had in said case as will cause the convening authority to order a rehearing, if such rehearing is practicable." The board of review's original mandate provided only that: "A rehearing is ordered." The concurring opinion in *Robbins* indicates that a mandate in these general terms may vest discretion in the Judge Advocate General. The board of review did not choose to indicate the intention of its own mandate. Neither need we decide the question. Suffice it to reaffirm the *Robbins* determination that, absent authorization of the appellate tribunal, a case directed to be reheard should be referred to the original convening authority. We, therefore, answer the first certified question to the extent of holding that under the Uniform Code a case ordered returned to the field for rehearing should ordinarily be referred to the original convening authority.

Mistaken reference of a case to a court-martial authority other than the original convening authority is not a jurisdictional defect in the proceedings. The situation may perhaps be best compared to the constitutional requirement of trial in the district court of the district in which the offense was committed. The accused has the right to trial in a particular court, but he may waive the right. He may waive the right expressly, Hoover v United States, 268 F2d 787 (CA10th Cir) (1959), or he may waive by failing to object to the trial proceedings. United States v Rivera, 388 F2d 545 (CA2d Cir) (1968), certiorari denied, 392 US 937, 20 L Ed 2d 1396, 88 S Ct 2308 (1968). What was said in the separate opinion in United States v Landrum, 18 USCMA 375, 40 CMR 87 (1969), is equally applicable here:

"All that is involved in this case, as in *Robbins,* is a departure from the terms of our remand. In *Robbins,* the accused refused to participate in the unauthorized deviation. Here, the accused did not object to action by the new convening authority to whom the Judge Advocate General had referred the case. More importantly, he prevailed upon the new convening authority to modify one of the charges and to agree to approve a sentence no more severe than that suggested by him as appropriate; he also entered a plea of guilty and secured a reduction in the sentence imposed by the court-martial to the limits previously approved by the convening authority. Since the accused has had the benefits of proceedings in which he was a willing, and perhaps even an eager. participant, . . . [there is] no reason to invalidate those proceedings because they do not conform strictly to our mandate. Certainly. the parties should have sought modification of our mandate, but their failure is not . . . good cause to invalidate proceedings in which both voluntarily and knowingly participated." [*Id.*, at page 376.]

We answer the second certified question in the negative.

The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for consideration of the case on the merits.

Judge DARDEN concurs.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I agree with my brothers' *holding* in their affirmance of the first cer-

tified question that the board of review was correct in its legal determination that failure to transmit the case for rehearing to the convening authority, who originally referred the case to trial, was contrary to the Uniform Code of Military Justice. United States v Robbins, 18 USCMA 86, 39 CMR 86 (1969). I do not, however, accept their statement therein that the board of review, in its reversal of this case, did not choose to indicate the meaning of its original mandate, following reversal, when it stated that "A rehearing is ordered." That meaning was the sum and substance of its opinion in this case, for the Government had argued that mandates of boards of review, under authority of Article 66(e), Uniform Code of Military Justice, 10 USC § 866, are different in wording and effect from those of this Court, under Article 67(f), Code, supra, 10 USC § 867. Such a position is untenable since, as the board held and my brothers agree, Congress did not intend a difference in authority to order the course of the rehearing of a case in which the original proceedings contained error precluding affirmance by the appellate tribunal. See United States v Robbins, supra, at pages 88, 89.

I dissent to my brothers' negative answer to the second certified question which, if the first question is answered in the affirmative, inquires whether the board of review was correct in its determination that such error was jurisdictional in nature which rendered the proceedings null and void.[1] The majority hold that since mistaken reference of a case to a court-martial authority other than the original convening authority is not a jurisdictional defect in the proceedings the error may be waived either expressly or by failure to object. I disagree because I believe that they seriously misapprehend what has occurred here.

Courts-martial, organized under the law of the United States, are courts of special and limited jurisdiction which must be convened strictly and in accordance with the statute. Runkle v United States, 122 US 543, 555, 30 L Ed 1167, 7 S Ct 1141 (1887). In McClaughry v Deming, 186 US 49, 62, 46 L Ed 1049, 22 S Ct 786 (1902), Mr. Justice Peckham said:

". . . A court-martial is the creature of statute, and, as a body or tribunal, *it must be convened and constituted in entire conformity with the provisions of the statute, or else it is without jurisdiction.* . . .

. . . . .

". . . A court-martial is wholly unlike the case of a permanent court created by constitution or by statute and presided over by one who had some color of authority although not in truth an officer *de jure,* and whose acts as a judge of such court may be valid where the public is concerned. The court exists even though the judge may be disqualified or not lawfully appointed or elected." [Emphasis supplied.] [*Ibid.,* at pages 62, 64.]

---

[1] The board of review noted that another board of review had reached the same result. CM 416820, United States v Garth, March 14, 1969 (unpublished). Subsequent to argument before this Court, appellate counsel for the accused and the Government stipulated that the following cases were also reversed for the same reason. CM 417510, United States v Siler (decided October 8, 1969); CM 418203, United States v Burke (September 15, 1969); CM 415712, United States v Washington (decided September 26, 1969). Other cases are cited in the brief by appellate defense counsel. It should be noted that all of these cases originated within the Army. We were informed by appellate defense counsel, in their brief at page 11, that all the other services "refer rehearings initially to the original convening authority, except for 'good cause': Air Force—paragraph 8–7, AFM 111–1 (18 December 1968); Coast Guard—see attached letter, Chief, Military Justice Division (Def App Ex G); Navy—see attached letter, Acting The Judge Advocate General (Def App Ex H)." Since early February 1969, this procedure is being followed in the Army as well (Defense Appellate Exhibit F).

By its very nature, a court-martial is not such a court. See also Dynes v Hoover, 20 Howard 65 (U. S. 1858); United States v Brown, 206 US 240, 51 L Ed 1046, 27 S Ct 620 (1907); United States v Vanderpool, 4 USCMA 561, 16 CMR 135 (1954); United States v Robinson, 13 USCMA 674, 33 CMR 206 (1963). As this Court said in United States v Robinson, supra, at page 678:

". . . No action or lack of action by an accused can give jurisdiction therefor nor constitute a waiver of the procedure ordained by statute. As stated in McClaughry v Deming, supra, at 186 US 66:

'But it is said defendant did not object to being tried by this illegally constituted court, and that his consent waived the question of invalidity. We are not of that opinion. It was not a mere consent to waive some statutory provision in his favor which, if waived, permitted the court to proceed. His consent could no more give jurisdiction to the court, either over the subject-matter or over his person, than if it had been composed of a like number of civilians or of women. The fundamental difficulty lies in the fact that the court was constituted in direct violation of the statute, and no consent could confer jurisdiction over the person of the defendant or over the subject-matter of the accusation, because to take such jurisdiction would constitute a plain violation of law. His consent had no effect whatever in the face of the statute which prevented such men sitting on the court.' "

Other cases in this Court are in accord. In United States v Roberts, 7 USCMA 322, 22 CMR 112 (1956), we held that authority to convene a court to try a particular accused is jurisdictional and that failure to raise the issue at trial does not constitute waiver. See also United States v Robinson, supra; United States v Wheeler, 10 USCMA 646, 28 CMR 212 (1959); United States v Dickenson, 6 USCMA 438, 20 CMR 154 (1955); United States v Garcia, 5 USCMA 88, 17 CMR 88 (1954); United States v Bunting, 4 USCMA 84, 15 CMR 84 (1954).

The convening authority occupies a judicial position and his action in that capacity amounts to an exercise of the sovereign judicial power of the United States. Since a rehearing is but "a continuation of the former proceeding" (Hearings before House Armed Services Committee on HR 2498, 81st Congress, 1st Session, page 1180; House Report No. 491, 81st Congress, 1st Session, page 30; Senate Report No. 486, 81st Congress, 1st Session, page 27), it follows that trial by court-martial is a military proceeding which convenes with the initial hearing on the merits, proceeds through appellate channels, and ends with affirmance of conviction or, in the event of reversal, repetition of the trial and review procedures or dismissal of the charges. Central to this process is *the convening authority*. See generally Articles 22–29, Code, supra. Under Article 64, Code, supra, he is empowered to disapprove a finding and sentence for any reason (Hearings before House Armed Services Committee, supra, pages 1182–1184); and in accordance with Articles 66(e) and 67(f), Code, supra, he may dismiss the charges, if he "finds a rehearing impracticable," even though appellate authority has ordered a rehearing. Such an order is in actuality merely an authorization for a rehearing and not a mandatory directive. Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, page 133. See United States v Smith, 16 USCMA 274, 36 CMR 430 (1966).

In the case at bar, the accused was originally tried by a general court-martial convened by the Commanding General, Seventh Army Support Command, Boeblingen, Germany, under the authority of Article 22, Code, supra. The board of review ordered the case reheard, consonant with the provisions of Article 66(e), Code, supra. Had the original convening authority decided that a rehearing was not practicable and ordered the charges dis-

missed, a rehearing by another convening authority would be null and void. As we said in United States v Smith, supra, at page 276:

". . . [I]f at any time after the commencement of the initial hearing on the merits, the convening authority dismisses the charges, they cannot be reinstituted without the consent of the accused. Article 44, Uniform Code of Military Justice, 10 USC § 844. Cf. United States v Werthman, 5 USCMA 440, 18 CMR 64."

There is simply no statutory authority by which the Judge Advocate General may, on his own initiative, confer court-martial jurisdiction on another convening authority once jurisdiction has been lawfully asserted elsewhere. An accused may not be ordered to trial by court-martial except by one empowered by Congress to exercise court-martial jurisdiction and the Judge Advocate General is not authorized to repeal congressional enactments. The authority of this Court and that of the board of review to direct a different procedure *for good cause,* is in accord with proper judicial practice. Occidental Petroleum Corporation v Chandler, 303 F2d 55 (CA10th Cir) (1962), certiorari denied 372 US 915, 9 L Ed 2d 722, 83 S Ct 718 (1963). And, as the Supreme Court stated in Cascade Nat. Gas Corp. v El Paso Nat. Gas Co., 386 US 129, 136, 17 L Ed 2d 814, 87 S Ct 932 (1967):

". . . No one, except this Court, has authority to alter or modify our mandate. United States v du Pont & Co., 366 US 316, 325, 6 L Ed 2d 318, 324, 81 S Ct 1243."

See also United States v Kepperling, 11 USCMA 280, 29 CMR 96 (1960); United States v Smith, supra.

Since the court-martial in this case was not convened in accordance with the provisions of the statute, it was without jurisdiction to proceed. McClaughry v Deming, supra.

I would answer both certified questions in the affirmative.