UNITED STATES, Appellant

v

PATRICK CONDRON, Sergeant, U. S. Army, Appellee

19 USCMA 216, 41 CMR 216

No. 20,414

February 13, 1970

*Captain Benjamin G. Porter* argued the cause for Appellant, United States. With him on the brief were *Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Captain David K. Fromme.*

■■■■■■■■■■

*Captain Thomas R. Maher* argued the cause for Appellee, Accused. With him on the brief was *Colonel Daniel T. Ghent*.

## Opinion of the Court

QUINN, Chief Judge:

Pursuant to the provisions of Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, the Judge Advocate General of the Army certified the record of trial to this Court for review of the following question:

Was the board of review correct in its determination that failure to transmit the case for rehearing to the convening authority who originally referred the case to trial resulted in jurisdictional error thereby rendering the rehearing proceedings null and void?

We considered the same question in United States v Martin, 19 USCMA 211, 41 CMR 211 (1970). We determined that when an appellate court directs rehearing of a case it is not jurisdictional error for the Judge Advocate General to refer it to a convening authority other than the one who convened the court-martial that originally tried the accused. Accordingly, we answer the certified question in the negative.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for further consideration.

Judge DARDEN concurs.

FERGUSON, Judge (dissenting):

I dissent.

Since I believe that the failure to transmit this case for rehearing to the convening authority who originally referred the case to trial resulted in jurisdictional error, thereby rendering the rehearing proceedings null and void (see my separate opinion in United States v Martin, 19 USCMA 211, 41 CMR 211 (1970)), I would answer the certified question in the affirmative and hold that the board of review was correct in finding jurisdictional error in this case.