UNITED STATES, Appellant

v

MINOR WASHINGTON, JR., Private First Class,
U. S. Army, Appellee

19 USCMA 450, 42 CMR 52

No. 22,607

May 22, 1970

*Captain Benjamin G. Porter* argued the cause for Appellant, United States. With him on the brief were *Colonel David T. Bryant* and *Major Edwin P. Wasinger.*

*Captain Thomas R. Maher* argued the cause for Appellee, Accused. With him on the brief was *Francis Heisler, Esquire.*

## Opinion of the Court

DARDEN, Judge:

The Judge Advocate General of the Army inquires by way of certificate:

Was the Court of Military Review correct in its determination that failure to transmit the case for rehearing to the convening authority who originally referred the case to trial resulted in jurisdictional error thereby rendering the rehearing proceeding null and void?

The certified question has meaning only to a reader with knowledge of the following facts.

On February 2, 1967, Private First Class Minor Washington, Jr., was convicted of premeditated murder by a general court-martial that had been convened in Vietnam by the Commanding General, 4th Infantry Division. The findings of guilty and the sentence were then set aside by a board of review because statements of the appellee were introduced at trial without a showing of *Miranda/Tempia* warning compliance. Miranda v Arizona, 384 US 436, 16 L Ed 2d 694, 86 S Ct 1602 (1966); United States v Tempia, 16 USCMA 629, 37 CMR 249 (1967).

The Judge Advocate General forwarded the record of trial, allied papers, and the board of review opinion to the Commanding General, Fort Leavenworth, Kansas, where the appellee was then being held. This officer was given the choice of dismissing the charges, convening a court to rehear the case, or, if trial could be more effectively accomplished by another general court-martial convening authority, transferring the case to that command. A court-martial was then convened at Fort Leavenworth, Kansas, on June 11, 1968, to rehear the case. Charged this time with un-premeditated murder, Washington entered a plea of guilty. His mitigating testimony appeared to negate the requisite criminal intent, however. After considering this turn of events, trial counsel asked for a mistrial, contending that the charge would not have been lessened to unpremeditated murder except for the plea of guilty. Defense counsel raised no objection, believing that knowledge of the guilty plea precluded these same court members from then trying the appellee on a not guilty plea. The law officer declared a mistrial.

On September 17, 1968, the retrial of the appellee again opened at Fort Leavenworth. Defense objected, contending that the case should have been returned to the original convening authority for action. Washington's plea of not guilty followed the law officer's rejection of this argument. Charged at this rehearing with premeditated murder, Washington was convicted of unpremeditated murder and sentenced to a dishonorable discharge, total forfeitures, confinement at hard labor for ten years, and reduction to Private E–1. The convening authority gave the appellee credit for confinement and "any other portion of the punishment served or executed from 2 February 1967 to 19 September 1968." The Court of Military Review set aside the findings and sentence. Relying on United States v Robbins, 18 USCMA 86, 39 CMR 86 (1969), that Court believed the case should have been returned to the original convening authority for a decision whether a rehearing should have been held. Because they considered the error jurisdictional in nature, the Court of Military Review regarded the second rehearing as a nullity. That decision produced the present certified issue.

**451**

This Court has entertained a series of cases involving the same basic considerations as those present here. Beginning with United States v Robbins, supra, and continuing with United States v Landrum, 18 USCMA 375, 40 CMR 87 (1969); United States v Martin, 19 USCMA 211, 41 CMR 211 (1970); United States v Condron, 19 USCMA 216, 41 CMR 216 (1970); and United States v Hart, 19 USCMA 438, 42 CMR 40 (1970), these decisions establish that under the Uniform Code of Military Justice a case ordered returned to the field for rehearing should *ordinarily* be returned to the original convening authority, that a mistaken reference of a case to a convening authority other than the original is not a defect in the proceeding of *jurisdictional* magnitude, and that while an accused has the right to trial in a particular court he may waive that right. His waiver may occur expressly or by his failing to object to the trial proceeding.

In this instance the defense negotiated a beneficial pretrial agreement that included modification of the charge in return for Washington's guilty plea. In so doing, the appellee acknowledged the convening authority's right to refer his case to trial. Washington's plea constituted waiver. United States v Martin and United States v Hart, both supra. And, despite the later invalidation of this rehearing, he may not at a still later rehearing interpose a challenge to the convening authority's referral prerogative, since the appellee's previous plea and conscious participation in the original rehearing foreclosed that issue. United States v Martin, supra; United States v Hart, supra; and United States v Landrum, supra.

Under the circumstances of this case, we find that Washington was tried by a court-martial empowered to hear his case. Accordingly, we answer the certified question in the negative. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for consideration of the case on the merits.

Chief Judge QUINN concurs.

Judge FERGUSON dissents.