UNITED STATES, Appellant

v

EARL SESSIONS, Specialist Four, U. S. Army, Appellee

19 USCMA 452, 42 CMR 54

No. 22,642

May 22, 1970

*Captain Benjamin G. Porter* argued the cause for Appellant, United States. With him on the brief were *Colonel David T. Bryant* and *Major Edwin P. Wasinger.*

*Captain Howard L. Kaplus* argued the cause for Appellee, Accused. With him on the brief was *Colonel Daniel T. Ghent.*

### Opinion of the Court

DARDEN, Judge:

Tried in Vietnam before a general court-martial convened by the Commanding General, 1st Cavalry Division, the appellee was convicted of premeditated murder (reduced to unpremeditated by the convening authority), assault with a dangerous weapon, and unlawful entry. A board of review subsequently reversed the findings and sentence, however, and ordered a rehearing so that the appellee's sanity might be litigated. The Judge Advocate General of the Army then referred the case to the Commanding General, Fort Leavenworth, where Sessions had been transferred. This officer ordered a rehearing of the case that began on January 8, 1969. At that time the appellee unsuccessfully moved to dismiss the charges for want of jurisdiction. Unpersuaded by Session's plea of not guilty, the general court-martial rehearing the case found him guilty of unpremeditated murder, assault with a dangerous weapon, and unlawful entry. He was given a sentence that included a dishonorable discharge, confinement at hard labor for eight years, total forfeitures, and reduction to the grade of E–1. On November 4, 1969, the Court of Military Review considered the rehearing and set aside the findings and sentence, holding that "the law required that the case be returned to the original convening authority in Vietnam. . . . The court-martial convened at Fort Leavenworth was without jurisdiction." The record was returned to the Judge Advocate General for further proceeding in compliance with Article 66(e) of the Uniform Code of Military Justice, 10 USC § 866, and "with the mandate of the Court of Military Review which re-mains viable (CM 416915, Sessions, supra)."

By Certificate for Review, the Judge Advocate General of the Army has placed in issue the correctness of this Court of Military Review's decision. We hold that the court incorrectly determined that failure to transmit the case for rehearing to the original convening authority resulted in jurisdictional error that rendered the rehearing null and void.

Referral to other than the original convening authority is not jurisdictional error. This was decided in United States v Martin, 19 USCMA 211, 213, 41 CMR 211 (1970). The opinion in that case asserted that "Mistaken reference of a case to a court-martial authority other than the original convening authority is not a jurisdictional defect in the proceedings." The opinion continues, "'All that is involved in this case . . . is a departure from the terms of our remand.'" At the same time, however, the Court reaffirmed the determination in United States v Robbins, 18 USCMA 86, 39 CMR 86 (1969), that a case directed to be reheard should normally be referred to the original convening authority unless otherwise authorized by the appellate tribunal. A similar stand was followed in United States v Hart, 19 USCMA 438, 42 CMR 40 (1970); United States v Condron, 17 USCMA 367, 38 CMR 165 (1968); and United States v Washington, 19 USCMA 450, 42 CMR 52 (1970). This series of cases also permits an accused to waive his right to a rehearing convened by the original convening authority. He may "waive the right expressly . . . or he may waive by failing to object to the trial proceedings." United States v Martin, supra, at page 213.

Even if the referral in this case were improper, Sessions has suffered no harm in being tried by a court-martial convened by the Commanding General, Fort Leavenworth, rather than by the Commanding General of the 1st Cavalry Division. In raising the jurisdictional issue, defense counsel argued at trial that a motion to dismiss was appropriate because if the case were returned to the original convening authority for disposition:

". . . [H]e would see fit to order a rehearing at Fort Leavenworth, inasmuch as all witnesses, excluding those Vietnamese witnesses who testified at the last trial. . . all witnesses have been gathered at Fort Leavenworth and the accused remains at Fort Leavenworth in confinement. As a practical matter, he would have no other alternative but to, in his discretion, determine that a rehearing would not be practicable in his command and refer the case to Fort Leavenworth, whereas if it were sent to Vietnam originally, this might not have been his decision. Of course that's only speculation."

The supposed benefit to the appellee from having his case returned to the original convening authority is that the latter perhaps would decide to dismiss the charges because of events or conduct intervening between the original trial and the decision on rehearing. In Vietnam tours of duty are shorter than at most other stations, however. We are informed that the general officer who initially referred this case to trial returned to the United States in July 1968.

Occasionally, the original convening authorities dismiss charges instead of ordering rehearings. In United States v Smith, No. 417084 (ABR November 27, 1968), failure to give defense counsel sufficient time to prepare their case caused the board of review to reverse the conviction of Smith and three other soldiers tried in common. Dismissal of the charges followed. On the other hand, in United States v Garcia, 18 USCMA 5, 39 CMR 5 (1968), the then Commanding General, 1st Cavalry Division, transferred jurisdiction over Garcia to the Commanding General, Fort Leavenworth, after the Judge Advocate General of the Army gave the original convening authority the option of dismissing if a rehearing was impracticable, convening a rehearing, or transferring the case to another convening authority if a rehearing could be more effectively accomplished there.

Nevertheless, at this rehearing counsel for Sessions did not foresee dismissal of this case if at the time of the rehearing the law officer had ruled the case should be returned to Vietnam. There is nothing to indicate that the general officer now in command of the Division would be inclined to dismiss the charges. Defense objection to the rehearing was narrowed to what might have happened had the case been returned initially to the original convening authority. The argument is so conjectural that it fails to convince us the appellee has been harmed.

The question of whether the Court of Military Review correctly determined that failure to transmit the case for rehearing to the original convening authority resulted in jurisdictional error rendering the rehearing null and void we answer in the negative. The record of trial is returned, therefore, to the Judge Advocate General of the Army for submission to the Court of Military Review for consideration of the case on the merits.

Chief Judge QUINN concurs.

Judge FERGUSON dissents.