UNITED STATES

v.

**Specialist Five James J. RAYBURN, 086–40–9471, U. S. Army, Company B, U. S. Army Personnel Control Facility, Fort George G. Meade, Maryland.**

CM 433576.

U. S. Army Court of Military Review.

Sentence Adjudged 18 March 1976.

Decided 19 Jan. 1977.

Appellate Counsel for the Accused: CPT Robert H. Herring, Jr., JAGC; CPT Lawrence E. Wzorek, JAGC; LTC John R. Thornock, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: Appearance waived.

Before JONES, FULTON and FELDER, Appellate Military Judges.

### OPINION ON FURTHER REVIEW

FULTON, Judge:

On pleas of guilty, appellant has, on trial and rehearing, been convicted of an unauthorized absence and eleven bad check offenses. The initial trial was before a general court-martial with members. The sentence approved included reduction in grade, confinement for nine months, forfeiture of $200.00 pay monthly for two months, and a bad-conduct discharge. Reviewing the case pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, this Court affirmed the conviction of unauthorized absence, but, due to error in the providency inquiry, disapproved the findings as to the bad check offenses, disapproved the sentence, and authorized a rehearing. *United States v. Rayburn*, 2 M.J. 1097 (A.C. M.R.1976).

A rehearing was held before a military judge sitting as a special court-martial. The plea and findings of guilt as to unauthorized absence at the first trial were incorporated into the proceedings. Appellant again pleaded guilty to, and was found guilty of, the bad check offenses. The sentence adjudged included, a bad-conduct discharge in addition to reduction, confine-ment, and a fine. The convening authority did not approve the discharge, but approved the reduction, one month's confinement (giving credit for confinement previously served), and fine ($400.00).

Accordingly, appellant stands sentenced by a special court-martial for offenses of which he was convicted by that court and for another offense of which he was convicted by a general court-martial. Pursuant to authority conferred by Article 69, Uniform Code of Military Justice, 10 U.S.C. § 869, The Judge Advocate General referred the record to us for review.

The Court of Military Appeals has held that, when the findings and sentence of a general court-martial are both set aside, the proceedings are in the same position as before the initial trial and the convening authority, ordering a rehearing, may direct that the rehearing be before a special court-martial. *United States v. Cox*, 12 U.S.C. M.A. 168, 30 C.M.R. 168 (1961); *cf. United States v. Yelverton*, 40 C.M.R. 655 (A.B.R. 1969) (charges originally tried by special court-martial may be referred to general court-martial for rehearing when additional charges are involved). On the other hand, the Court of Military Appeals also has held that, lacking any express authorization for such a procedure in the Code, a rehearing on sentence alone before a special court-martial when the initial trial on the merits occurred before a general court-martial is void. *United States v. Martinez*, 11 U.S.C. M.A. 224, 29 C.M.R. 40 (1960).

The holding in *Martinez* was accompanied by a strong dissent. *United States v. Martinez*, 11 U.S.C.M.A. at 233–234, 29 C.M.R. at 49–50 (1960) (Latimer, J., dissenting). It also has been criticized in commentary. *See* Clausen, *Rehearings Today in Military Law*, 12 Mil.L.Rev. 145 at 173–174, 176 (1961). Even so, the doctrine has been incorporated into the Manual for Courts-Martial, but only in relation to rehearings on sentence alone. Manual for Courts-Martial, United States, 1969 (Revised edition), para. 92a at p. 18–2.

*Martinez* is consistent with the view that a rehearing is but a continuation of the former proceedings. *United States v. Cox,* 12 U.S.C.M.A. at 170–172, 30 C.M.R. 170–172 (1961) (Ferguson, J., dissenting). The Court of Military Appeals has not, however, treated rehearings as continuations of the original proceedings for all purposes. *See United States v. Staten,* 21 U.S.C.M.A. 493, 495, 45 C.M.R. 267, 269 (1972); *United States v. Martin,* 19 U.S.C.M.A. 211, 41 C.M.R. 211 (1970); *United States v. Cox, supra.* In the light of these authorities and the limited change to the Manual mentioned above, we do not feel compelled to hold that it is always error for a special court-martial to impose a sentence for offenses that included one or more as to which the trial and conviction was by a general court-martial.

As was noted in *Martinez,* the accused "may possibly benefit in some cases from the limited sentencing powers of the lesser tribunal." 11 U.S.C.M.A. at 228, 29 C.M.R. at 44 (1960).* The Court further observed, however, that the accused "may be denied the services of qualified counsel and is always required to do without the advantages inherent in the services of a trained law officer." *Id.* Changes affected by the Military Justice Act of 1968, Pub.L. 90–732, 82 Stat. 1335, make it far more likely today that a military judge and qualified defense counsel will be appointed to special courts-martial. *See* Manual for Courts-Martial, *supra* para. 4*e,* 6*c,* 15*b*; Army Regulation 27–10, 26 Nov. 1968, paras. 2–14, 2–15, 2–16, 9–8*b.* In any event, we rest this decision upon the facts that a military judge presided over appellant's rehearing and that appellant was represented by qualified counsel.

■ Accordingly, we hold that a general court-martial convening authority ordering a combined rehearing that includes affirmed charges originally tried before a general court-martial may, unless precluded by the terms of a mandate from higher reviewing authority, refer the case to a special court-martial to which have been appointed a military judge and defense counsel qualified in the sense of Article 27(b), Uniform Code of Military Justice, 10 U.S.C. § 827(b). Moreover, were this not our view, we would consider an erroneous referral of the case to a special court-martial to have been waived under the circumstances of this case. *Cf. United States v. Washington,* 19 U.S.C.M.A. 450, 42 C.M.R. 52 (1970) (erroneous referral for rehearing to other than original convening authority waived).

There is yet another facet of this case that warrants discussion. As previously mentioned, the special court-martial adjudged a sentence that included a bad-conduct discharge. The convening authority did not approve the discharge, but he acted without receiving the written review and advice of a staff judge advocate. Paragraph 85*a,* of the Manual for Courts-Martial, *supra,* provides that "before acting upon a record of trial . . . by special court-martial which involves a sentence of bad-conduct discharge, a convening authority who exercises general court-martial jurisdiction will refer it to his staff judge advocate . . . for review and advice." Paragraph 85*b,* of the Manual for Courts-Martial, *supra,* requires that the review be in writing and specifies certain of its content, and paragraph 85*d* requires that it be attached to the original record of trial.

■ Concerning an inadequate review of a general court-martial case, Judge Donahue aptly observed in *United States v. Stevenson,* 49 C.M.R. 409, 411 (A.C.M.R.1974), that the reviewer may have "held the mistaken belief that a different and lower standard of review is permitted for general court-martial trials when the action reduces the sentence to one that could be adjudged by a special court-martial. Suffice it to say that Article 61, UCMJ, 10 U.S.C. § 861, and

---

* Parenthetically, we note another possible benefit: if punitively discharged, it may be that he is not discharged "by reason of the sentence of a general court-martial" within the intendment of section 3103(a) of title 38, United States Code, concerning automatic forfeiture of veteran's benefits.

paragraph 85, MCM, 1969 (Rev), permit no such distinction." Similar reasoning applies here. Whether the general court-martial convening authority is reviewing a case in which a special court-martial convening authority below has approved a bad-conduct discharge (*see* Article 65(b), Uniform Code of Military Justice, 10 U.S.C. § 865(b)), or is reviewing a case in which a special court-martial convened by himself has adjudged a bad-conduct discharge, he is reviewing a record that "involves a sentence of bad-conduct discharge" within the meaning of paragraph 85 of the Manual for Courts-Martial, *supra.* The written review and advice of his staff judge advocate is required.

 The record doubtless was referred to the staff judge advocate, for we, have found in the record, immediately preceding the convening authority's action, a "Memorandum for Record" signed by the "Chief, Military Justice." It recites that "the trial counsel's improper argument in sentencing (*United States v. Moseley* [sic], 1 M.J. 350 1976) was considered by the Convening Authority before taking action in the above captioned case." That document reflects appropriate curative action by the convening authority. *See United States v. Mosely,* 24 U.S.C.M.A. 173, 51 C.M.R. 392, 1 M.J. 350 (1976). It is not, however, the review and advice required by the *Manual, supra.*

Pausing to reflect that "it is unseemly for those persons who administer the law to ignore the rules, even for reasons of convenience or economy" (*United States v. Thompson,* 47 C.M.R. 489 (A.C.M.R.1973) (Alley, J., concurring), *aff'd* 22 U.S.C.M.A. 448, 47 C.M.R. 489 (1973)), we conclude that the convening authority cured the error by disapproving the bad-conduct discharge. An error in failing to prepare a verbatim record of trial in such cases may be cured by disapproving the discharge so long as the record of trial is sufficiently complete for purposes of appellate review. *United States v. Randall,* 22 U.S.C.M.A. 591, 48 C.M.R. 215 (1974); *see United States v. Thompson, supra.* We believe the same principle applies here.

Appellate defense counsel have urged that the fine be set aside on grounds including financial hardship on the appellant now a civilian, but we find the approved sentence appropriate.

The approved findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge FELDER concur.